United States District Court
Southern District of Texas
FILED
JUL 16 2021
Nathan Ochsner, Clerk

United States District Court
Southern District of Texas
**ENTERED**
July 16, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| ALLEN BYRD, | § |
| Plaintiff, | § § § |
| VS. | §  CIVIL ACTION NO. 7:20-CV-00386 |
| PLACIDO SAMANIEGO, JR., | § § § |
| Defendant. | § |

### REPORT AND RECOMMENDATION

Plaintiff Allen Byrd, proceeding pro se, is a former state prisoner, once confined at the Segovia Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, who brings this civil rights action pursuant to 42 U.S.C. § 1983 against Defendant Placido Samaniego, Jr. in his capacity as assistant warden. Generally, Plaintiff complains of Defendant's supposed failure to implement healthcare guidelines related to the ongoing COVID-19 pandemic during the summer of 2020. Twice now, Plaintiff has failed to comply with orders that he take steps to effectuate service of process, and all indications are that he has been released from state custody but otherwise failed to advise of his change of address. Further, Plaintiff's mail has been returned to the Court as undeliverable. Consequently, without an updated address, any future attempt to correspond with Plaintiff would be futile.

This case was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1). After review of the record and relevant law, the undersigned RECOMMENDS that this action be DISMISSED without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, and that this case be CLOSED.

## I. PROCEDURAL BACKGROUND

On November 27, 2020, the Honorable Juan F. Alanis, U.S. Magistrate Judge, issued an order granting an application by Plaintiff for in forma pauperis status and directing that the complaint be docketed in this case. (*See* Dkt. Nos. 1 & 2). Through that in forma pauperis order, Plaintiff was specifically warned that he was required to keep the Clerk of Court advised in writing of his current address, and that failure to do so may be interpreted as a failure to prosecute and result in the dismissal of this case. (Dkt. No. 1 at 3).

Plaintiff soon sought and was granted leave to amend his complaint. (Dkt. Nos. 3 & 4). He then filed several amended pleadings in January of 2021. (Dkt. Nos. 6, 8, 9 & 11). Together with one of those amended pleadings, Plaintiff submitted a change-of-address notice, stating that he had been transferred from the Robertson Unit in Abilene, Texas to the Clements Unit in Amarillo, Texas. (Dkt. No. 8-1).

On April 14, 2021, Plaintiff was ordered to submit a more definite statement by providing written answers to a series of questions. (Dkt. No. 14). Plaintiff was once again warned that he was required to "keep the Clerk advised in writing of his current address and promptly file a change of address when necessary." (*Id.* at 3). He was also warned that "failure to comply with this order may result in the dismissal of this case for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." (*Id.*).

On April 26, 2021, the Clerk received Plaintiff's more definite statement. (Dkt. No. 16).

On May 20, 2021, upon being informed of Rule 4's requirements regarding service of process, Plaintiff was ordered to take steps to serve Defendant within a period of 30 days. (Dkt. No. 18). Plaintiff was warned, once again, that failure to comply may result in dismissal failure to

prosecute under Rule 41(b), and that failure to keep the Clerk advised of any changes of address may also result in dismissal for failure to prosecute. (*Id.* at 2-3).

A copy of that order was mailed to Plaintiff at his last known address—the Clements Unit. (Dkt. No. 19). However, the mailing was soon returned as undeliverable. (Dkt. Nos. 20 & 21). Accompanying the mailing return was a handwritten note from a "B.C. Clerk" at the Clements Unit indicating that Plaintiff was "discharged" on May 21st. (Dkt. No. 20). Indeed, a query of the Texas Department of Criminal Justice Offender Information Search website results in no offenders found matching Plaintiff's last and first name (Byrd, Allen) or prisoner number (02263683).[1]

On July 1, 2021, Plaintiff was warned that "[b]efore recommending to the District Court that this case be dismissed, . . . the undersigned Magistrate Judge [would] provide Plaintiff with one more opportunity to comply." (Dkt. No. 22 at 1). Plaintiff was ordered, therefore, to take certain steps to effectuate service within 14 days. (*Id.* at 1-2). Yet again, Plaintiff was warned that failure to comply may result in dismissal, as would the failure to keep the Clerk advised of any changes of address. (*Id.* at 2). Having received no change-of-address notice since Plaintiff's purported discharge from prison, the undersigned directed the Clerk to send a copy of the second order for service to Plaintiff's last known address—the Clements Unit. This second order was also returned. (Dkt. Nos. 23 & 24).

At least 14 days have elapsed since the second order, and Plaintiff has failed to take steps to effectuate service or otherwise provide a written update of his change of address.

## II. LEGAL STANDARD

While the court should be "appropriately lenient" with a pro se party, "'[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and

---

[1] *See* https://offender.tdcj.texas.gov/OffenderSearch/start (last visited July 12, 2021).

substantive law.'" *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). A district court may also dismiss an action sua sponte under Rule 41(b). *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority derives from a court's inherent power to control its docket, prevent undue delays in the disposition of cases, and avoid congested calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). A Rule 41(b) dismissal may be either with or without prejudice. *Callip v. Harris Cnty. Child Welfare Dept.*, 757 F.2d 1513, 1519 (5th Cir. 1985) (per curiam) ("Unless an involuntary order of dismissal specifies that it is without prejudice, . . . it 'operates as an adjudication on the merits.'" (quoting Fed. R. Civ. P. 41(b)).

Dismissal with prejudice is reserved for the most egregious cases, where there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice. *Id.* at 1519. Such a dismissal must be based on at least one of three aggravating factors: (i) delay caused by the plaintiff themselves and not their attorney; (ii) actual prejudice to the defendant; or (iii) delay caused by intentional conduct. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). If a plaintiff would be barred from re-asserting their claims by the statute of limitations, a Rule 41(b) dismissal is tantamount to a dismissal with prejudice and subject, therefore, to the same heightened standard. *Id.*

### III. ANALYSIS

Here, Plaintiff has failed to comply with two orders regarding his obligations under Rule 4 to effectuate service of process, which may provide the basis to support a Rule 41(b) dismissal. *See Walker v. Sifuentes*, 2019 WL 5328969, at *2 (S.D. Tex. Sept. 17, 2019), *report and*

*recommendation adopted*, 2019 WL 5329700 (S.D. Tex. Oct. 21, 2019). Moreover, despite repeated warnings since the inception of this case, Plaintiff has failed to provide an updated mailing address, which may also provide a basis to dismiss under Rule 41(b). *See id.* (citing *Lewis v. Hardy*, 248 F. App'x 589, 593 n.1 (5th Cir. 2007) (per curiam) ("[T]he failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute.")). Indeed, Plaintiff updated his address once during the course of this action, and the fact that he has not done so again since his release from detention, taken together with the lack of any indication that he has served Defendant, supports the conclusion that Plaintiff no longer has an interest in prosecuting the case.

No sanction less drastic than dismissal without prejudice is available here given that the prior orders were returned as undeliverable and Plaintiff's whereabouts are unknown. *See Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (per curiam). Notably, the heightened dismissal-with-prejudice standard does not apply considering that the generally applicable limitations period borrowed from Texas law is at least two years, *see A.W. v. Feenstra*, 2015 WL 4537750, at *6 (S.D. Tex. July 15, 2015), and Plaintiff's claims accrued only around one year ago at the latest. There is no requirement that the disposition of this case be delayed until such time as Plaintiff complies with the prior orders or updates his mailing address. *See Wilburn v. Irons*, 2020 WL 2364622, at *2 (N.D. Tex. Apr. 15, 2020), *report and recommendation adopted*, 2020 WL 2343181 (N.D. Tex. May 11, 2020).

## IV. CONCLUSION

After review of the record and relevant law, the undersigned respectfully RECOMMENDS that Plaintiff's civil rights action be DISMISSED without prejudice pursuant to Rule 41(b), and that this case be CLOSED.

### *Notice to the Parties*

Within fourteen (14) days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file written objections within fourteen (14) days after service shall bar an aggrieved party from de novo review by the District Court on an issue covered in this report and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of clear error or manifest injustice.

### *Directive to Clerk of Court*

The Clerk of Court is DIRECTED to forward a copy of this report to Plaintiff at the address currently on record by any receipted means.

DONE at McAllen, Texas this 16th day of July 2021.

J. SCOTT HACKER
United States Magistrate